# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Desiraey Amber Bolman, | ) | Case No.  1:20-cr-068 |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion for Pretrial Release filed by defendant on June 25, 2021.  (Doc. No. 681).  Defendant is in Marshals Service custody at the McLean County Jail. Advising that she has been accepted into an inpatient treatment program at the Keystone Treatment Center ("Keystone") in Canton, South Dakota, and that her mother can transport him to it, defendant requests to be conditionally released on July 1, 2021, so that she can travel to and participate in Keystone's treatment program. (Id.).  With respect to an outstanding arrest warrant for her in Burleigh County, North Dakota,  she has advises that the state prosecutor has given his assurance that he "would not pull her out of treatment for the Burleigh Warrant."  (Doc. No. 681-2).

There being no objection from the United States, the court **GRANTS** defendant's motion (Doc. No. 681).  Defendant shall be released to her mother no earlier than 7:00 a.m. on July 1, 2021, for immediate transport to Wahpeton, where she shall be met by Keystone staff who will transport her to Keystone's treatment facility.  While on release, defendant shall comply with the following conditions:

(1)  Defendant shall not violate federal, state, tribal, or local law while on release.

(2)  Defendant shall appear in court as required and surrender for any sentence imposed.

(3)  Defendant shall refrain from the use of alcohol; any use or possession of a narcotic

1

       drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection progress or specimen may be considered the same as a positive test.

(4)    Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)    Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6)    Defendant shall reside at Keystone's treatment facility, fully participate in its programming, and comply with all of its rules and regulations. Upon her arrival, she shall contact Pretrial Services Officer Bobby Wiseman at (701) 530-2404.

(7)    Defendant shall sign all releases of information requested by the Pretrial Services Officer so that her progress and participation in treatment may be monitored.

(8)    At least four days prior to the completion of her treatment program, defendant shall contact the Pretrial Services Office so that it may evaluate the appropriateness of any proposed living arrangements. Upon her discharge from the treatment program, defendant shall reside at an address approved by the Pretrial Services Office and not change this address without the Pretrial Services Office's permission. If the Pretrial Services Office determines that defendant is in need of a placement in a residential facility, defendant shall report to the designated facility as directed and comply with

the facility's rules and regulations. If a residential facility is not available, defendant shall report the United States Marshal's office in Bismarck with the understanding that he shall be detained pending further order of the court.

(9)   If defendant is terminated from her treatment program, she shall report the United States Marshals office in Bismarck with the understanding that she shall be remanded back into custody pending further order of the court.

**IT IS SO ORDERED**.

Dated this 28th day of June, 2021.

>   */s/ Clare R. Hochhalter*
>   Clare R. Hochhalter, Magistrate Judge
>   United States District Court